UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>18 Mayberry Road, Gray, ME 04039 |
| Marchian C. Crane a/k/a Marchian C. Crane Jr.<br><br>Defendant | Mortgage:<br>November 9, 2007<br>Book 25623, Page 105 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is the obligor and the total amount owed

under the terms of the Note is Three Hundred Forty-Seven Thousand Eight Hundred Eighty-One and 72/100 ($347,881.72) Dollars, plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust is a national association with a principal place of business located at 425 Walnut Street, Cincinnati, OH 45205.

5. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is a resident of Gray, County of Cumberland and State of Maine.

## FACTS

6. On November 10, 2007, by virtue of a Quitclaim Deed from Marcy Kamin-Crane, which is recorded in the Cumberland County Registry of Deeds in **Book 25623, Page 104**, the property situated at 18 Mayberry Road, County of Cumberland, and State of Maine, was conveyed to the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On November 9, 2007, the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $249,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on November 9, 2007, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 18 Mayberry Road, Gray, ME 04039 which Mortgage Deed is recorded in the Cumberland County Registry of Deeds in **Book 25623**, **Page 105**.  *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Ocwen Loan Servicing, LLC by virtue of an Assignment of Mortgage dated October 10, 2012 and recorded in the Cumberland County Registry of Deeds in **Book 30167**, **Page 221**.  *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to Nationstar Mortgage LLC by virtue of an Assignment of Mortgage dated May 30, 2013 and recorded in the Cumberland County Registry of Deeds in **Book 30734**, **Page 336**.  *See* Exhibit E (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. The Mortgage was assigned to Ocwen Loan Servicing, LLC by virtue of a Ratification of Assignment dated July 17, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32462**, **Page 308**. *See* Exhibit F (a true and correct copy of the Ratification of Assignment is attached hereto and incorporated herein).

12. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated July 21, 2016 and recorded in the Cumberland County Registry of Deeds in **Book 33340**, **Page 54**.  *See* Exhibit G (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

13. The Mortgage was assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of a Quitclaim Assignment dated October 2, 2018 and recorded in the Cumberland County Registry of Deeds in **Book 35188**, **Page 328**. *See* Exhibit H (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

14. On August 11, 2010, the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $248,575.12 (herein after referred to as the "Loan Modification"). *See* Exhibit I (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

15. On January 29, 2019, the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit J (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

16. The Demand Letter informed the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit J.

17. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., failed to cure the default prior to the expiration of the Demand Letter.

18. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

19. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

20. The total debt owed under the Note and Mortgage as of March 29, 2019 is Three Hundred Forty-Seven Thousand Eight Hundred Eighty-One and 72/100 ($347,881.72) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $239,191.01 |
| Interest | $65,821.02 |
| Escrow/Impound Required | $38,413.02 |
| Late Fees | $2,832.70 |
| Total Advances | $1,139.50 |
| Deferred Amounts | $484.47 |
| Grand Total | $347,881.72 |

21. Upon information and belief, the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 21 as if fully set forth herein.

23. This is an action for foreclosure respecting a real estate related Mortgage and title located at 18 Mayberry Road, Gray, County of Cumberland, and State of Maine. *See* Exhibit A.

24. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205,

128 Me. 280 (1929). As such, Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, has the right to foreclosure upon the subject property.

25. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

26. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is presently in default on said Mortgage and Note, having failed to make the monthly payment due December 1, 2011, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

27. The total debt owed under the Note and Mortgage as of March 29, 2019 is Three Hundred Forty-Seven Thousand Eight Hundred Eighty-One and 72/100 ($347,881.72) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $239,191.01 |
| Interest | $65,821.02 |
| Escrow/Impound Required | $38,413.02 |
| Late Fees | $2,832.70 |
| Total Advances | $1,139.50 |
| Deferred Amounts | $484.47 |
| Grand Total | $347,881.72 |

28. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

29. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

30. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., on January 29, 2019, evidenced by the Certificate of Mailing.. *See* Exhibit J.

31. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is not in the Military as evidenced by the attached Exhibit K.

## COUNT II – BREACH OF NOTE

32. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 31 as if fully set forth herein.

33. On November 9, 2007, the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $249,000.00. *See* Exhibit B.

34. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is in default for failure to properly tender the December 1, 2011 payment and all subsequent payments. *See* Exhibit J.

35. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr.

36. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

37. The Defendant Marchian C. Crane a/k/a Marchian C. Crane Jr.'s breach is knowing, willful, and continuing.

38. The Defendant Marchian C. Crane a/k/a Marchian C. Crane Jr.'s breach has caused Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

39. The total debt owed under the Note and Mortgage as of March 29, 2019, if no payments are made, is Three Hundred Forty-Seven Thousand Eight Hundred Eighty-One and 72/100 ($347,881.72) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $239,191.01 |
| Interest | $65,821.02 |
| Escrow/Impound Required | $38,413.02 |
| Late Fees | $2,832.70 |
| Total Advances | $1,139.50 |
| Deferred Amounts | $484.47 |
| Grand Total | $347,881.72 |

40. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

41. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. By executing, under seal, and delivering the Note, the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., entered into a written contract with Taylor, Bean & Whitaker Mortgage Corp. who agreed to loan the amount of $249,000.00 to the Defendant. *See* Exhibit B.

43. As part of this contract and transaction, the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp., and has performed its obligations under the Note and Mortgage.

45. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., breached the terms of the Note and Mortgage by failing to properly tender the December 1, 2011 payment and all subsequent payments. *See* Exhibit J.

46. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr.

47. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

48. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of Three Hundred Forty-Seven Thousand Eight Hundred Eighty-One and 72/100 ($347,881.72) Dollars, for money lent by the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant.

49. Defendant Marchian C. Crane a/k/a Marchian C. Crane Jr.'s breach is knowing, willful, and continuing.

50. Defendant Marchian C. Crane a/k/a Marchian C. Crane Jr.'s breach has caused Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

51. The total debt owed under the Note and Mortgage as of March 29, 2019, if no payments are made, is Three Hundred Forty-Seven Thousand Eight Hundred Eighty-One and 72/100 ($347,881.72) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $239,191.01 |
| Interest | $65,821.02 |
| Escrow/Impound Required | $38,413.02 |
| Late Fees | $2,832.70 |
| Total Advances | $1,139.50 |
| Deferred Amounts | $484.47 |
| Grand Total | $347,881.72 |

52. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

53. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 52 as if fully set forth herein.

54. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., $249,000.00.  *See* Exhibit B.

55. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is in default for failure to properly tender the December 1, 2011 payment and all subsequent payments.  *See* Exhibit J.

56. As a result of the Defendant's failure to perform under the terms of their obligation, the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., should be required to

compensate the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

57. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V –UNJUST ENRICHMENT

58. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 57 as if fully set forth herein.

59. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., $249,000.00.  *See* Exhibit B.

60. The Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., has failed to repay the loan obligation.

61. As a result, the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

62. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

c) Find that the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is in breach of the Note by failing to make payment due as of December 1, 2011, and all subsequent payments;

d) Find that the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is in breach of the Mortgage by failing to make payment due as of December 1, 2011, and all subsequent payments;

e) Find that the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due December 1, 2011 and all subsequent payments;

g) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr. has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

j) Find that the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is liable to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, for money had and received;

k) Find that the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., is liable to the Plaintiff for quantum meruit;

l) Find that the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr.;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Marchian C. Crane a/k/a Marchian C. Crane Jr., and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of Three Hundred Forty-Seven Thousand Eight Hundred Eighty-One and 72/100 ($347,881.72) Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
U.S. Bank Trust, N.A., as Trustee for LSF9
Master Participation Trust,
By its attorneys,

Dated: March 25, 2019

/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670